OPINION
{¶ 1} Maxie M. Anderson appeals from two judgments of the Clark County Court of Common Pleas, which confirmed a jury award of $4,200 in her personal injury action and overruled her motion for a new trial.
 {¶ 2} On July 6, 2001, Anderson filed a complaint in which she alleged that she had been injured at the Fulmer Supermarket in Springfield when a check-out clerk pushed an empty shopping 2 cart into her. She alleged that she suffered damage to her back, leg, and foot as a result of the impact and her "articulation" of her body to avoid falling. She claimed that her injuries led to surgeries and chronic pain. Fulmer admitted in a joint stipulation that its employee had acted within the scope of her employment and had been negligent in causing Anderson to be struck by a grocery cart. Fulmer disputed the issues of proximate causation, the nature and extent of the injuries caused by the shopping cart, and the damages. These issues were tried to a jury in September 2004. The jury awarded compensatory damages to Anderson in the amount of $2,100 for medical expenses and $2,100 for pain and suffering and other non-economic elements of compensatory damages. On November 3, 2004, the trial court filed an entry confirming this award.
 {¶ 3} On January 3, 2005, Anderson filed a motion for a new trial, arguing that the jury's damage award was against the manifest weight of the evidence. On March 15, 2005, the court summarily denied the motion for a new trial.
 {¶ 4} On April 11, 2005, Anderson filed a notice of appeal challenging the jury's verdict and the denial of her motion for a new trial. Fulmer filed a motion to dismiss the appeal on the ground that it was untimely. In a decision and entry dated June 16, 2005, we concluded that Anderson's notice of appeal was untimely insofar as it attempted to challenge the November 3, 2004, entry confirming the jury's verdict and that we lacked jurisdiction to consider the appeal from that order. We concluded that we did have jurisdiction, however, to consider her appeal from the trial court's order denying her motion for a new trial, as the notice of appeal was timely with respect to that judgment. We subsequently reconsidered our decision that the appeal was untimely with respect to the confirmation of the jury's verdict and damage award. See Decision and Entry, November 2, 2006. We concluded that the trial court had failed to comply with Civ. R. 58(B) and that Anderson's assertion that she had not learned of the November 3 judgment until several weeks later had been unrefuted. As such, we will consider Anderson's appeal to be timely with respect to both judgments. Although we offered Anderson the opportunity to submit additional briefing, she has chosen not to do so.
 {¶ 5} First, we turn to Anderson's argument that the jury's verdict with respect to compensatory damages was inadequate. Anderson has limited her argument to a claim that the award for medical expenses was inadequate.
 {¶ 6} An appellate court will not reverse the judgment of the trial court if the decision is supported by some competent, credible evidence going to all essential elements of the case. C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, 280, 376 N.E.2d 578. This standard rests on the strong presumption that the trial court, as the trier of fact, is in the best position to weigh the evidence presented, assess the credibility of the witnesses, and make an informed factual determination therefrom. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273.
 {¶ 7} In this case, the jury could have reasonably rejected Anderson's assertion that all of her medical expenses were attributable to the shopping cart accident. Anderson's medical evidence, including the testimony from a chiropractor who treated her, indicated that Anderson had suffered from significant neck and back problems before the accident in question and that the accident had aggravated some of those problems. Indeed, one of Anderson's treating physicians, Paul Matrka, who testified on Fulmer's behalf, stated that Anderson suffered from "failed back syndrome," a condition that exists when a patient does not fair well after lumbar spine surgery. He described the condition as follows:
 {¶ 8} "[Patients with failed back syndrome] continue to exacerbate and go through episodes where the pain is quite acute, need some more intense medication, and you try various techniques to get them over those humps. But it's a situation where there's going to be exacerbations and remissions and there oftentimes is no indication as to what happened to cause the exacerbation."
 {¶ 9} The chiropractor further testified that he had treated Anderson 29 times over a two month period following the accident before referring her to other specialists and that his total fee for those visits was in the range of $1,500 to $2,000.
 {¶ 10} Based on this testimony, the jury could have reasonably concluded that significant portions of Anderson's medical expenses were not proximately caused by the accident at the supermarket and that $2,100 was an appropriate award for her medical expenses. As such, the record does not support Anderson's claim that the jury's award for medical expenses was inadequate.
 {¶ 11} Second, we address whether the trial court properly overruled Anderson's motion for a new trial. She claims that the trial court had a duty to order a new trial because the jury "failed to award compensatory damages commensurate with the treatment" she received for the alleged injury. Having concluded that the jury acted reasonably in awarding the damages that it did, we must also conclude that the trial court acted within its discretion in overruling Anderson's motion for a new trial.
 {¶ 12} The assignment of error is overruled.
 {¶ 13} The judgment of the trial court will be affirmed.
GRADY, P.J. and DONOVAN, J., concur.